## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAUL BROWARD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-01774 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' MOTION TO DISMISS

Under Fed.R.Civ.P. 12(b)(1), (3), and (6), the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that this Court lacks subject-matter jurisdiction over plaintiff's tax refund claims, venue in this Court is improper, and the Anti-Injunction Act bars the injunctive relief plaintiff seeks.

Specifically, plaintiff failed to allege that he has paid the federal taxes due and filed a claim for refund. Both are required before the United States' sovereign immunity is waived. 26 U.S.C. § 7422; Flora v. United States, 362 U.S. 145, 177 (1960). Since plaintiff has not so alleged, this Court lacks subject-matter jurisdiction. Moreover, plaintiff is a resident of Washington (Compl. ¶ 1) and requests the refund of a federal tax he alleges was illegally or erroneously collected. (Compl. ¶ 33). Under 28 U.S.C. § 1402(a), venue is proper only in the

judicial district in which the plaintiff resides.  Inasmuch as plaintiff is a resident of

Washington, venue in this Court is lacking.  In addition, plaintiff seeks to enjoin

the Internal Revenue Service from engaging in any further collection activity.

(Compl. ¶ 34).  Under 26 U.S.C. § 7421(a), no suit may be maintained restraining

the assessment and collection taxes.  Thus, this Court may not grant injunctive

relief.  Finally, plaintiff has failed to state a claim.  Plaintiff has not alleged

sufficient facts to demonstrate he is entitled to any relief.

A supporting memorandum of law and proposed order are filed with this

motion.1/

Date: January 17, 2006.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Jennifer L. Vozne_____
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
P. O. Box 227, Ben Franklin Station
Washington, D.C.  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

</div>

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

_____

1/  The United States is simultaneously filing a Notice of Related Cases,
listing 36 cases which, save for the identity of the plaintiffs, are identical, or nearly
identical, to plaintiff's complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAUL BROWARD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-01774 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS**

The relief plaintiff requests in his complaint is a refund of federal taxes he alleges were illegally or erroneously collected (Compl. ¶ 33), an order enjoining the Internal Revenue Service from engaging in further collection activity (Compl. ¶ 34), and unspecified damages for alleged violations of 26 U.S.C. § 7433 (Comp. ¶ 32). To the extent plaintiff seeks a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds . . . ." (Compl. ¶ 33), and an order "enjoining the Internal Revenue Service . . . from engaging in any further collection activity . . . ." (Compl. ¶ 34), this Court cannot grant the requested relief.

<u>This Court Lacks Subject-Matter Jurisdiction</u>

This Court does not have jurisdiction over plaintiff's claim for a tax refund.

Plaintiff does not allege that he has either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. See United States v. Dalm, 494 U.S. 596, 601-602 (1989) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiff has the burden to show that sovereign immunity has been waived. See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).

Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Since plaintiff has not even alleged that he filed a claim for refund, this Court lacks jurisdiction. Dalm, 494 U.S. at 601-602.

Likewise, plaintiff has not alleged that he has fully paid his tax liabilities. On the contrary, he seeks an injunction to prevent the Internal Revenue Service from collecting the taxes due. (See Compl. ¶ 34.) This request, in itself, implies that plaintiff has not fully paid the taxes he seeks to recover — an implication fatal to a suit for refund. See Flora, 362 U.S. at 177. In fact, plaintiff has an

outstanding unpaid tax assessments for year 2002 in the amount of $24,553.83.

(See attached Vozne Decl. and exhibit 1.)2/

_____Because plaintiff has not alleged that he filed a claim for refund and fully

paid the federal taxes, the United States' sovereign immunity has not been waived,

and this Court lacks subject-matter jurisdiction over his claim for a refund.

<u>Venue is Improper</u>

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper

only in the judicial district in which the plaintiff resides.  Inasmuch as plaintiff is a

resident of Washington (Compl. ¶ 1), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for

lack of venue, or "in the interests of justice," to transfer it "to any district or

division in which it could have been brought."  28 U.S.C. § 1406(a).  The

interests of justice do not require transferring this case, and in fact weigh against

it.  Plaintiff's complaint alleges no facts to warrant transfer.  As explained above,

plaintiff's failure to allege that he filed  a proper claim for refund or fully paid the

_____

2/  In deciding a Rule 12(b)(1) motion, the Court is not limited to the
allegations in the complaint, but may also consider material outside of the
pleadings in order to determine whether the Court has jurisdiction in the case.  <u>See</u>
<u>Nemariam v. Fed. Dem. Repl. of Ethiopia</u>, __F.Supp.2d ____, 2005WL2979652,
*3 (D.D.C. 2005), citing <u>EEOC v. St. Francis Xavier Parochial Sch.</u>, 117 F.3d 621,
624-625 n.3 (D.C. Cir. 1997).

taxes due deprives <u>any</u> federal court of subject-matter jurisdiction.  <u>See</u> <u>Dalm</u>, 494 U.S. at 601-602; <u>Flora</u>,  362 U.S. at 177.  Further, the complaint alleges inadequate facts to support a claim for damages under 26 U.S.C. § 7433, and no court has authority to grant plaintiff the injunctive relief he seeks.  Thus, because venue is lacking in this Court, and the interests of justice do not favor transfer to Washington, the Court should dismiss this case.  <u>See</u> Fed. R. Civ. P. 12(b)(3).

<u>Plaintiff's Request for Injunction is Barred by the Anti-injunction Act</u>

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities.  (Compl. ¶ 34).  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim. <u>See</u> 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  <u>See</u> <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d 842, 844-845 (D.C. Cir. 1987); <u>American Federation of Gov't Employees, AFL-CIO v. United States</u>, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case.  In <u>Enochs v. Williams</u>

-4-

Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff alleges that the Internal Revenue Service acted improperly with respect to his "federal tax beginning with 'tax year' 1989" (Compl. ¶ 1), but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection3/, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief. Primarily he merely expresses his

_____

3/ Indeed, the only argument presented by plaintiff – Internal Revenue Service must use Form 23C to record assessment – has been rejected. Courts recognize that the Service is using computerized RACS Reports-006 as an equivalent to the manually prepared Form 23C. See Roberts v. Comm'r, 118 T.C. 365, 370-71 (2002) (citing Kruger v. United States, 2001 WL 1179412 (D. Nev. 2001)); see also Kruger v. Internal Revenue Service, 1999 WL 907539 (D. Nev. 1999).

dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.4/

As for the second prong, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. See, Foodservice & Lodging Institute, 809 F.2d at 844-845; Flynn , 766 F.2d at 598. Plaintiff can temporarily forestall collection — which is the ultimate relief he requests — by requesting a "collection due process hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Moreover, he can fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which he can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

---

4/ As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund. See Flora, 362 U.S. at 177.

<u>Plaintiff Has Failed to State a Claim</u>

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶ 32).   Plaintiff's complaint is legally insufficient, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder.   26 U.S.C. § 7433.  Under Rule  8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  But, here, there are no facts in the plaintiff's complaint to support a claim for damages, and thus, this Court should conclude that he has not in fact stated such a claim.  For example, plaintiff does not state what specific tax years are at issue, the type of tax, or the amount in dispute.  In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]."  26 U.S.C. § 7433.  Because plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss this case.

-7-

# CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiff's claims for a tax refund because plaintiff has failed to prove that he filed a claim for refund and paid the taxes due. Likewise, the Anti-Injunction Act prohibits an injunction against the further collection of plaintiff's taxes. Further, venue is not proper in this Court for a tax refund because plaintiff resides in Washington. Finally, plaintiff has failed to state a claim. For all these reasons, the Court should dismiss this action.

DATED:     January 17, 2006.

Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U. S. Department of Justice
P. O. Box 227, Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney