IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL BROWARD, | ) |
| | ) |
|     Plaintiff, | ) No. 1:05-cv-01774 (HHK) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
|     Defendant. | ) |

**UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT**

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's amended complaint.

As grounds for this motion, the Court lacks subject matter jurisdiction over the amended complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: March 23, 2006.        Respectfully submitted,

                                        /s/ Jennifer L. Vozne
                                        JENNIFER L. VOZNE
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, DC  20044
                                        Phone/Fax:  (202) 307-6555/514-6866
                                        Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

1605584.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL BROWARD, ) | |
| ) | |
| Plaintiff, ) | No. 1:05-cv-01774 (HHK) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT**

This is a civil action in which plaintiff alleges that, beginning with tax year 1989, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged wrongful collection of federal taxes by the IRS's failure to comply with certain provisions of the Internal Revenue Code and regulations.

QUESTIONS PRESENTED

Plaintiff's complaint seeks damages for alleged violations of the Internal Revenue Code and regulations. The complaint fails to allege that plaintiff filed claim(s) for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff Paul Broward filed a complaint on September 6, 2005. On December 5, 2005, plaintiff filed returns of service indicating that

plaintiff himself served the United States Attorney 1/ and the United States Attorney General with a copy of the summons and complaint.  (*See* PACER ## 2, 3.)  On January 17, 2006, the United States filed a motion to dismiss asserting, in part, lack of subject matter jurisdiction.  Rather than respond, plaintiff filed a motion for leave to amend his complaint and a proposed amended complaint.  By order dated March 21, 2006, the Court denied plaintiff's motion to amend his complaint because of Fed. R. Civ. P. 15(a) and deemed the amended complaint as filed.  The Court also denied the United States' motion to dismiss in view of the amended complaint.  Plaintiff's amended complaint omits his claim for a refund.  Plaintiff still alleges that in connection with the collection of federal tax beginning "with 'tax year' 1989", agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Am. Compl. ¶¶ 1, 7.)2/

  2. <u>Relief sought in the amended complaint</u>.  Plaintiff seeks damages on account of "reprehensible, egregious, and vexatious behavior of the defendant."  (Compl. ¶ 35.)3/

---

  1/ According to the return receipt attached to plaintiff's proof of service on the United States Attorney, plaintiff did not send a copy of the summons and complaint to the attention of the civil process clerk as required by Fed. R. Civ. P. 4(i)(1)(A).

  2/ Plaintiff's case is one of more than 50 known cases filed in this Court with identical or nearly identical complaints

  3/ Plaintiff also may be seeking declaratory relief.  (*See* Compl. ¶ 34.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

ARGUMENT

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶ 7.) This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service.

A party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Instead, plaintiff states that he "may forego exhausting administrative remedies that are either futile or inadequate." (Am. Compl. ¶ 6; *c.f.* Am. Compl. ¶ 9.) Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to prove exhaustion of

administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.

## CONCLUSION

Because the Court lacks jurisdiction over his complaint, the complaint should be dismissed.

DATED:       March 23, 2006.

>Respectfully submitted,
>
>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE
>Trial Attorney, Tax Division
>U. S. Department of Justice
>P. O. Box 227, Ben Franklin Station
>Washington, DC 20044
>Phone/Fax:  (202) 307-6555/514-6866
>Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT and proposed ORDER were caused to be served upon the following individual(s) on March 23, 2006, by sending a copy by First Class mail, postage prepaid, addressed as follows:

>Paul Broward
>2442 NW Market Street, #729
>Seattle, WA 98107

>   /s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1605584.1